UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADVANTAIRA TRUST, LLC, FBO Eric Honcharenko IRA &#035;XXXX401, a Florida limited liability company

        Plaintiff,

v.                                            Case No: 2:14-cv-76-FtM-38DNF

G SQUARE INVESTMENTS, INC. and GLENN GREEN,

        Defendants.
_____/

### ORDER[1]

This matter comes before the Court on Defendant Glenn Green's Motion to dismiss (Doc. #17) filed on May 9, 2014. No response has been filed by the opposition. Upon review of the Defendant Green's Motion, the Court notes that the Motion to Dismiss was not signed. Pursuant to Fed. R. Civ. P. all motions filed with the Court must be signed by the moving party. Rule 11 reads in pertinent part:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name-or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Fed. R. Civ. P 11(a).  Because the Defendant Green's Motion to Dismiss (Doc. #17) is not signed as required by Rule, the Motion is denied.

The Defendant is reminded that despite his *pro se* status, it is mandatory that he participate and cooperate in discovery, comply with the deadlines established in the Court's Scheduling Order, respond properly to motions, and proceed in accordance with the Federal and Local Rules.  Loren v Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) (holding that even pro se parties must follow procedures).   Failure to do so could result in sanctions or the denial of any motions or requests for relief from the Court.

Due to his pro se status, Green will be allowed to re-file a signed motion or otherwise answer the Plaintiff's Complaint.

Accordingly, it is now

**ORDERED:**

1.  The Defendant Glenn Green's Motion to dismiss (Doc. #17) is **DENIED**.
2.  The Clerk of the Court is directed to **STRIKE** the Motion.
3.  Defendant Green shall have until **June 13, 2014** to re-file a signed motion, or otherwise answer the Plaintiff's Complaint.

**DONE** and **ORDERED** in Fort Myers, Florida this 2nd day of June, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record